UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK CONRAD MITCHELL, )<br>Plaintiff, )<br>)<br>-v- )<br>)<br>MATTHEW JOHN HUDSON and )<br>GENUINE PARTS COMPANY, )<br>Defendants. )<br>_____) | No. 1:13-cv-152<br><br>HONORABLE PAUL L. MALONEY |

## **ORDER OF REMAND FOR LACK OF JURISDICTION**

Plaintiff initiated this action on December 12, 2012, by filing his complaint in the Circuit Court of Kent County, Michigan. On February 12, 2013, Defendants removed this action to federal court under 28 U.S.C. § 1446 and the diversity statute, 28 U.S.C. § 1332.

### **ANALYSIS**

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an obligation to examine whether they have subject-matter jurisdiction over an action. *See Argaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in its jurisdiction]; rather a court, noticing the defect, must raise the matter on its own"). When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007). If a

district court determines that it lacks subject matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c).

Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

In his complaint, Plaintiff alleges that he was harmed when Defendant Hudson negligently rear-ended his car at a red light. Hudson was allegedly driving a truck owned by Defendant Genuine Parts Company at the time, and Plaintiff claims that he was doing so "in the course of his employment." Plaintiff claims that as a result of Hudson's negligence, he "sustained serious injuries" to his legs and back, seriously impairing his bodily functions and permanently disfiguring him. He claims various types of emotional injuries as well, including "fright, shock, embarrassment and humiliation." In his complaint, Plaintiff requests damages "in a reasonable sum exceeding Twenty-five Thousand Dollars ($25,000.00)."

Jurisdiction is determined at the time of removal. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Under § 1332(a), a federal court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. The party seeking to remove the action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant

has the burden of establishing that removal was proper).

Defendants argue this Court has original jurisdiction over the complaint under the diversity statute. A defendant may remove a civil action filed in state court to federal district court when the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). Defendants assert Plaintiff is a resident of Michigan and they are not. Defendants also assert that the amount in controversy meets the federal threshold, but they provide no support for this allegation other than "the allegations contained in Plaintiff's First Amended Complaint, coupled with his attorney's present inability to stipulate that his claims, exclusive of interest and costs, would not exceed $75,000."

"It is generally agreed in this circuit that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson*, 481 F.3d at 376 (citations omitted). *But see Northrup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 n.1 (6th Cir. 2009) ("This Circuit has yet to decide whether we view the amount in controversy from the perspective of the plaintiff or the defendant."). As the master of the complaint, a plaintiff may plead the amount in controversy to avoid federal jurisdiction. *See Smith v. Nationwide Prop. and Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (citations omitted).

Here, Plaintiff has not plead a definitive amount of damages. Rather, Plaintiff has stated that his damages are at least $25,000.[1] So worded, the damages requested in the complaint do not preclude an amount meeting the federal threshold. Where the complaint does not seek a specified amount of damages, the party removing the action must "show by a preponderance of the evidence

---

[1] The complaint is likely worded to secure subject-matter jurisdiction in the Michigan circuit court. In Michigan, state district courts have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000. Mich. Comp. Laws § 600.8301.

that the allegations in the complaint at the time of removal satisfy the amount in controversy requirement." *Northrup Props., Inc.,* 567 F.3d at 769-70 (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). "Where the complaint fails to allege an amount in controversy, the party removing the action satisfies the requirement by showing that the amount in controversy "more likely than not" exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 977 F.2d 150, 158 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Defendant has not met this burden.

Defendants have not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The allegations in Plaintiff's complaint, a boilerplate rear end collision accident, hardly demonstrate that Plaintiff's damages "more likely than not" will exceed the federal diversity threshold. Nor does Plaintiff's failure to stipulate to a lower damages amount, in and of itself, prove the amount in controversy. *See, e.g.*, *Warren v. Mac's Convenience Stores, LLC*, No. 3:11-cv-572, 2012 WL 5077669, *3 (W.D. Ky Oct. 18, 2012) (collecting cases). Defendants have offered no facts about this Plaintiff or his claim beyond the boilerplate of the complaint. This does not constitute a preponderance of the evidence. This court must therefore remand. *Cf. Giffin v. Runyons*, No. 11-146-ART, 2011 WL 5025074 (E.D. Ky. Oct. 21, 2011) (remanding action alleging injury that occurred when the plaintiff fell from a roof where the defendants identified the plaintiff's medical bills and lost wages and relied on "common sense" that personal injuries often lead to an amount in controversy over $75,000).

**ORDER**

Because Defendants have not established, by a preponderance of the evidence, that the amount in controversy in the complaint exceeds $75,000, this Court lacks subject-matter jurisdiction over the action. Therefore, this action is **REMANDED** to the Circuit Court of Kent County, Michigan.

**IT IS SO ORDERED.**


Date:  February 19, 2013  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge